# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **FIRST CHOICE CHIROPRACTIC, LLC** ) <br> 4520 Cleveland Avenue ) <br> Columbus, OH 43231 ) <br> ) | **CASE NO.** |
| **JAMES FONNER, D.C.** ) <br> 4520 Cleveland Avenue ) <br> Columbus, OH 43231 ) <br> ) | **JUDGE** |
| **PRESTIGE CHIROPRACTIC & INJURY,** ) <br> **LLC** ) <br> 8 Prestige Plaza, Unit 110 ) <br> Miamisburg, OH 45342 ) <br> ) | |
| **RENNES BOWERS, D.C.** ) <br> 8 Prestige Plaza, Unit 110 ) <br> Miamisburg, OH 45342 ) <br> ) | **COMPLAINT FOR** <br> **DECLARATORY AND** <br> **INJUNCTIVE RELIEF** |
| **ALLIED HEALTH & CHIROPRACTIC, LLC** ) <br> 1810 W. 25th Street ) <br> Cleveland, OH 44113 ) <br> ) | |
| **TY DAHODWALA, D.C.** ) <br> 1810 W. 25th Street ) <br> Cleveland, OH 44113 ) <br> ) | |
| and ) <br> ) | |
| **SCHROEDER REFERRAL SYSTEMS, INC.** ) <br> 8183 Erie Avenue S.W. ) <br> Navarre, OH 44662 ) <br> ) | |
|    Plaintiffs, ) <br> ) | |
| vs. ) <br> ) | |
| **STATE OF OHIO** ) <br> c/o Attorney General Dave Yost ) <br> 615 W. Superior Ave., 11th Floor ) <br> Cleveland, OH 44113 ) <br> ) | |

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

| | |
|---|---|
| **THE OHIO GENERAL ASSEMBLY** | ) |
| c/o Attorney General Dave Yost | ) |
| 615 W. Superior Ave., 11th Floor | ) |
| Cleveland, OH  44113 | ) |
| and | ) |
| **OHIO STATE CHIROPRACTIC BOARD** | ) |
| c/o Kelly Caudill, Executive Director | ) |
| 77 South High Street, 16th Floor | ) |
| Columbus, OH  43215 | ) |
| **Defendants** | ) |

## COMPLAINT

Plaintiffs, First Choice Chiropractic, LLC ("First Choice Chiropractic"), James Fonner, D.C. ("Dr. Fonner"), Prestige Chiropractic & Injury, LLC ("Prestige Chiropractic"), Rennes Bowers, D.C. ("Dr. Bowers"), Allied Health & Chiropractic, LLC ("Allied Health & Chiropractic"), Ty Dahodwala, D.C. ("Dr. Dahodwala"), and Schroeder Referral Systems, Inc. (Schroeder Referral"), state as their Complaint against Defendants, State of Ohio, the Ohio General Assembly, and the Ohio State Chiropractic Board as follows:

## PARTIES

1. Plaintiff First Choice Chiropractic was and is a limited liability company formed under and existing pursuant to Ohio law, which maintains a principal place of business in Franklin County, Ohio.  Plaintiff First Choice Chiropractic is and has been in the business of providing chiropractic care and treatment to patients.  Plaintiff Dr. Fonner was and is a chiropractor duly licensed under Ohio law, who is a principal of First Choice Chiropractic.

2. Plaintiff Prestige Chiropractic was and is a limited liability company formed under and existing pursuant to Ohio law, which maintains a principal place of

2

business in Montgomery County, Ohio. Plaintiff Prestige Chiropractic is and has been in the business of providing chiropractic care and treatment to patients. Plaintiff Dr. Bowers was and is a chiropractor duly licensed under Ohio law, who is a principal of Prestige Chiropractic.

3. Plaintiff Allied Health & Chiropractic was and is a limited liability company formed under and existing pursuant to Ohio law, which maintains a principal place of business in Cuyahoga County, Ohio. Plaintiff Allied Health & Chiropractic is and has been in the business of providing chiropractic care and treatment to patients. Plaintiff Dr. Dahodwala was and is a chiropractor duly licensed under Ohio law, who is a principal of Allied Health & Chiropractic.

4. Plaintiff Schroeder Referral is and has been a corporation formed under and existing pursuant to Ohio law, which maintains a principal place of business in Stark County, Ohio. Plaintiff Schroeder Referral is and has been in the business of identifying and contacting prospective patients for referrals to appropriate health-care providers.

5. Defendant, State of Ohio, has been one of the fifty sovereign United States since March 1, 1803.

6. Defendant, The Ohio General Assembly, is the primary legislative branch of Defendant, State of Ohio. *Article II, Section 1, Ohio Constitution*.

7. Defendant, Ohio State Chiropractic Board, is an agency and instrumentality of Defendant State of Ohio that has been created through Chapter 4734 of the Ohio Revised Code.

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

## JURISDICTION AND VENUE

8. The 133rd Ohio General Assembly adopted Am. Sub. H.B. 166 on July 17, 2019, which was then signed by Governor Mike DeWine the next day. The enactment is commonly known as the 2020-2021 Biennial Budget Bill. The overall purpose of the Biennial Budget Bill is to establish agency budgeting and spending allocations for Defendant, State of Ohio.

9. Included in the Biennial Budget Bill were provisions that have no reasonable and discernable connection to state agency budgeting and spending allocations. These potentially controversial measures were buried in the roughly 2,600 page Bill by Defendant Ohio General Assembly to avoid public criticism and debate.

10. One example of this subterfuge is the enactment to be codified in R.C. 149.43(A)(1)(mm) to allow telephone numbers to be redacted from official motor vehicle accident reports without violating Ohio's Public Records Act. This legislative modification of the definition of "Public record" has no conceivable bearing upon state agency budgeting and spending.

11. As another example of the Biennial Budget Bill's discordance, Defendant Ohio General Assembly has attempted to impose a thirty-day moratorium following motor vehicle accidents and crimes during which health-care practitioners, and private referral agencies and workers employed by them, are precluded from directly contacting victims and witnesses in person, by telephone, or by electronic means. Other businesses such insurance companies remain free to communicate with such individuals at any time and in any manner. And lawyers can still immediately contact victims of, and witnesses to, motor vehicle accidents and crimes through written,

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

4

recorded, or electronic means provided they comply with the Ohio Supreme Court's disclosure and notice requirements. *Ohio Prof. Cond. R. 7.3(c) and (e)*.

12. More ominously for health-care practitioners, a blanket prohibition has been imposed in R.C. 1349.05(B) broadly stating: "Any communication to obtain professional employment shall be sent via the United States postal service." A similar ban is set forth in R.C. 1349.05(C) that applies to referral agencies and workers employed by health-care practitioners. Neither prohibition contains any exceptions, and each is unlimited in duration.

13. Barring judicial intervention, these wholly discordant provisions of the 2020-2021 Biennial Budget Bill will take effect on October 17, 2019.

14. As a consequence of these dissonant sections of the Biennial Budget Bill, many individuals injured in motor vehicle accidents will be unlikely to receive prompt and appropriate medical care and attention. Such victims typically are unaware both that such treatment (1) usually must begin immediately to be fully effective and (2) is often covered under motor vehicle insurance policies. Prompt contact with a health-care practitioner is thus essential for maximizing the prospects of a full recovery.

15. Prior to the adoption of the Biennial Budget Bill, the oversight and regulation of the practices of medicine and chiropractic had been entrusted respectively to the State Medical Board, R.C. 4731.01, and the State Chiropractic Board, R.C. 4734.02 & 4734.10. Prospective patients have already been afforded protection against false and deceptive advertising and solicitations under Category III(G) of The State Medical Board of Ohio Disciplinary Guidelines (Rev. July 2019). And the State Chiropractic Board has adopted even more extensive safeguards against potential abuses through Ohio Admin. Code 4734-9-02.

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

5

16. But through the 2020-21 Biennial Budget Bill's incongruous provisions codified in R.C. 1349.05(D) & (E), the Ohio Attorney General has now been empowered to oversee and control advertising and solicitations by health-care practitioners and may impose fines of up to $25,000.00 and/or immediately suspend licenses without a prior hearing.

17. By imposing the thirty-day moratorium and completely prohibiting health-care practitioners from engaging in communications with the intent to obtain professional employment at any time except through the United States postal service, R.C. 1349.05(B) and (C) impose a prior restraint upon the exercise of lawful and accurate commercial speech in a manner that is substantially more extensive than necessary to advance any legitimate governmental interests. Any *bona fide* concerns that may exist for abusive, deceptive, or overbearing advertising and solicitations in the medical and chiropractic fields has already been addressed and managed by the State Medical Board and the State Chiropractic Board, which are far more qualified to regulate these specialized professions.

18. No legitimate governmental interests are served by the significant restrictions that will be imposed by R.C. 1349.05 upon health-care practitioners and the referral agencies and workers employed by them, which other similarly situated businesses and professionals will not be required to bear.

19. Each of the Plaintiffs utilizes and relies upon prompt and direct contact and communications with prospective patients, which often includes victims of motor vehicle accidents, as a means for expressing views and opinions upon the need for and availability of prompt medical or chiropractic care. The prospective patients are typically reached in a professional and unobtrusive manner through the telephone

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

6

numbers listed in the accident reports that are subject to Ohio's Public Records Act. Each of the Plaintiffs abides by the rules and standards already governing such solicitations within their professions.

20. As health-care practitioners and private referral agencies subject to these extraneous provisions of the 2020-2021 Biennial Budget Bill, each of the Plaintiffs will suffer substantial and irreparable harm if these enactments are enforced. Indeed, the very existence of the prospect of civil fines of up to $25,000.00 and the suspension of medical/chiropractic licenses without a prior hearing will have a long-lasting chilling effect upon the constitutionally protected exercise of free speech and communications.

## COUNT I
## (DECLARATORY RELIEF)

**A. One Subject Violations**

21. Plaintiffs repeat the foregoing allegations of this Complaint as if fully restated herein.

22. By attempting to modify the definition of Public records, preclude lawful and accurate contact and communications between health-care practitioners and prospective patients, and adopting a wide variety of unrelated measures, Am. Sub. H.B. 166 lacks a common purpose or objective. There is no discernible, practical, rational, or legitimate reason for combining all of the wide-ranging areas of concern into a single 2,600 page Bill.

23. Am. Sub. H.B. 166 thus violates Article II, Section 15(D) of the Ohio Constitution, which has long directed that "[n]o bill shall contain more than one subject, which shall be clearly expressed in its title."

24. To the extent that Am. Sub. H.B. 166 exceeds the budgetary and

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

7

appropriations objectives set forth in its title, those aspects of the bill are invalid and unenforceable, including the attempted interference with lawful communications by health-care practitioners and private referral agencies with potential patients.

25. If allowed to stand, Am. Sub. H.B. 166 will have a real and substantial impact upon Plaintiffs, their employees, and their patients. These consequences will include, but will not be limited to, disrupting and denying the supply of prompt medical care and treatment to individuals injured in motor vehicle accidents.

26. A live, justiciable controversy exists between the parties over the enforceability of Am. Sub. H.B. 166, for which there is no other readily available and expedient remedy at law or equity. To the full extent permitted by 28 U.S.C. § 2201 and 2202, Plaintiffs are therefore entitled to a declaratory judgment establishing that the legislative attempt to amend R.C. 149.43(A)(1)(mm) and enact R.C. 1349.05 through Am. Sub. H.B. 166 violates Article II, Section 15(D) of the Ohio Constitution and is thus unenforceable.

**B.    Free Speech Violations**

27. One of the discordant provisions of the 2020-2021 Biennial Budget Bill is the enactment of prohibitions against lawful and accurate communications between health-care providers and victims of and witnesses to motor vehicle accidents and crimes. Specifically, R.C. 1349.05 will establish:

> (B) No health care practitioner, with the intent to obtain professional employment for the health care practitioner, shall directly contact in person, by telephone, or by electronic means any party to a motor vehicle accident, any victim of a crime, or any witness to a motor vehicle accident or crime until thirty days after the date of the motor vehicle accident or crime. Any communication to obtain professional employment shall be sent via the United States postal service.

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax:  (216) 344-9395

8

> (C) No person who has been paid or given, or was offered to be paid or given, money or anything of value to solicit employment on behalf of another shall directly contact in person, by telephone, or by electronic means any party to a motor vehicle accident, any victim of a crime, or any witness to a motor vehicle accident or crime until thirty days after the date of the motor vehicle accident or crime. Any communication to solicit employment on behalf of another shall be sent via the United States postal service.

The Ohio Attorney General has been empowered to impose fines upon violators of up to $25,000.00 for each infraction and authorized to suspend licenses without a prior hearing. *R.C. 1349.05(D) and (E)*.

28. In the manner aforementioned and to be otherwise established in these proceedings, a wide variety of effective communications between health-care providers and potential patients will be banned in Ohio, except through the United States Mail. Such prior restraints upon a class of free speech are prohibited by the First Amendment to the United States Constitution.

29. Additionally, R.C. 1349.05 imposes an unconstitutional prohibition upon lawful and accurate commercial speech in an arbitrary, indiscriminate, and overbroad manner. The legislation fails to further a legitimate governmental interest and fails to utilize the least restrictive means available.

30. The Ohio Constitution further provides in Article I, Section 11:

> Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press.

R.C. 1349.05 prohibits the free exchange of all types of advice and opinions between a health-care practitioner and potential patient, and thus is irreconcilable with the State Constitution.

31. Unless and until the enforcement of R.C. 1349.05 is enjoined and the

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

legislation is declared unconstitutional under the First Amendment to the United States Constitution and Article I, Section II of the Ohio Constitution, each of the Plaintiffs will suffer an irreparable denial of fundamental free speech rights as well as actual pecuniary harm and losses.

32.  A live, justiciable controversy exists between the parties over the enforceability of R.C. 1349.05, for which there is no other readily available and expedient remedy at law or equity.  To the full extent permitted by 28 U.S.C. § 2201 and 2202, Plaintiffs are therefore entitled to a declaratory judgment establishing that this legislation violates the First Amendment to the United States Constitution as well as Article I, Section 11 of the Ohio Constitution.

**C.    Equal Protection Violations**

33.  At all times relevant to this action, each of the Plaintiffs were entitled to equal protection of the laws under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution.

34.  Plaintiffs' fundamental rights are now being threatened by the enactment and enforcement of R.C. 1349.05, most notably the basic guarantees of free speech and expression.

35.  R.C. 1349.05 arbitrarily and unfairly discriminates against health-care providers in multiple ways without furthering any legitimate or compelling state interests.  For the purpose of example only, employees and representatives of insurance companies remain fully enabled to immediately contact victims and witnesses to motor vehicles accidents and crimes without any restrictions.  And attorneys licensed to practice law in Ohio may engage in such solicitations at any time through written, recorded, and electronic means provided certain disclosures and

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

notices are furnished. *Ohio Prof. Cond. R. 7.3(c) and (e)*. Only health-care providers will be confined to communicating with perspective patients through the United States Mail system under this legislation.

36. Unless and until the enforcement of R.C. 1349.05 is enjoined and the enactment is declared unconstitutional on equal protection grounds, each of the Plaintiffs will suffer an irreparable deprivation of fundamental constitutional rights as well as actual pecuniary harm and losses.

37. A live, justiciable controversy exists between the parties over the enforceability of R.C. 1349.05, for which there is no other readily available and expedient remedy at law or equity. To the full extent permitted by 28 U.S.C. § 2201 and 2202, Plaintiffs are therefore entitled to a declaratory judgment establishing that this legislation violates the Fourteenth Amendment to the United States Constitution as well as Article I, Section 2 of the Ohio Constitution.

## COUNT II
## (INJUNCTIVE RELIEF)

38. Plaintiffs repeat and reallege the foregoing allegations of this pleading as if fully restated herein.

39. Plaintiffs reasonably believe, and therefore allege, that Defendants intend to enforce Am. Sub. H.B. 166 as soon as these provisions of the 2020-2021 Biennial Budget Bill take effect on October 17, 2019, including the prohibition against lawful communications between health-care practitioners, private referral agencies, and prospective patients.

40. Given that the provisions codified in R.C. 149.43(A)(1)(mm) and 1349.05 are blatant and unprecedented affronts to long-established principles of both state and federal constitutional law, Plaintiffs are likely to prevail upon the merits of their

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 344-9393
Fax: (216) 344-9395

claim for a declaratory judgment as alleged in Count I and otherwise establish their entitlement to relief.

41. Unless restrained from doing so, Defendants will thus inflict immediate and irreparable harm upon Plaintiffs, their owners/principals, and their employees.

42. Public policy is always served by prohibiting the enforcement of an unconstitutional statute. No third parties will suffer any undue injury if Defendants are directed to comply with the United States and Ohio Constitutions and the *status quo* is maintained.

43. Under traditional principles of equity, this Court should issue preliminary and permanent injunctions prohibiting Defendants, as well as all persons and all state agencies, departments, bureaus, boards and other entities in active concert and participation with them, from enforcing any aspect of Am. Sub. H.B. 166 that is found to violate the United States or Ohio Constitutions.

## PRAYER

**WHEREFORE**, Plaintiffs request that this Court issue (1) a declaratory judgment establishing that the legislative attempt to amend R.C. 149.43(A)(1)(mm) and enact R.C. 1349.05 through Am. Sub. H.B. 166 violates the United States and Ohio Constitutions in multiple respects and (2) appropriate preliminary and permanent injunctive relief against Defendants and all persons and entities in active concert and participation with them.  The costs of this action should be taxed to Defendants.

Respectfully Submitted,

*s/Paul W. Flowers*
Paul W. Flowers, Esq. (#0046625)
Louis E. Grube, Esq. (#0091337)
**PAUL W. FLOWERS, CO., L.P.A.**
Terminal Tower, Suite 1910
50 Public Square
Cleveland, Ohio 44113
(216) 344-9393
pwf@pwfco.com
leg@pwfco.com

*Attorneys for Plaintiffs,*
*First Choice Chiropractic, LLC, et al.*