# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **FIRST CHOICE CHIROPRACTIC, LLC, et al.** | : |
| | : |
| Plaintiffs, | : Case No. 1:19-cv-02010 |
| | : |
| v. | : Magistrate Judge William Baughman |
| | : |
| **STATE OF OHIO,** *et al.*, | : |
| | : |
| Defendants. | : |

---

## DEFENDANTS' MEMORANDUM IN OPPOSITION
## TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*s/ Katherine J. Bockbrader*

KATHERINE J. BOCKBRADER (0066472)*
   *Counsel of Record
Assistant Attorney General
Health and Human Services Section
30 East Broad Street, 26th Floor
Columbus, Ohio  43215
Tel: 614-466-8600
Fax: 866-805-6094
katherine.bockbrader@ohioattorneygeneral.gov

*Counsel for Defendant Ohio State Chiropractic Board*

*s/ Tiffany L. Carwile*

TIFFANY L. CARWILE (0082522)*
   Counsel of Record
MICHAEL A. WALTON (0092201)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, OH 43215-3428
Tel: 614-466-2872
Fax: 614-728-7592
tiffany.carwile@ohioattorneygeneral.gov
michael.walton@ohioattorneygeneral.gov

*Counsel for Defendants Governor DeWine and Attorney General Yost*

## **TABLE OF CONTENTS**

Table of Authorities ................................................................................................... iii

Memorandum ............................................................................................................. 1

I.     Introduction ...................................................................................................... 1

II.    Background and Facts ...................................................................................... 3

III.   Law and Argument .......................................................................................... 4

      A.    Plaintiffs are not likely to succeed on the merits. ................................... 5

           1.    Plaintiffs' motion for preliminary injunction is moot. ............................... 5

           2.    The Chiropractic Board is immune from suit, so all claims against the Board fail. ................................................................................. 6

           3.    The Healthcare Solicitation Statue does not violate the First Amendment. ............................................................................................... 8

                a.    The Healthcare Solicitation Statute is not a prior restraint ................................................................................ 8

                b.    The Healthcare Solicitation Statute is a valid regulation on commercial speech .................................................... 10

           4.    The Healthcare Solicitation Statute also does not violate Equal Protection. .......................................................................................... 14

           5.    The additional exception to Ohio's public-records law does not violate the First Amendment ......................................................... 16

      B.    The remaining preliminary-injunction factors favor denying Plaintiffs' motion. .................................................................................. 17

IV.   Conclusion ..................................................................................................... 18

Certificate of Page Limitations .............................................................................. 19

Certificate of Service ............................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                          **Page(s)**

*ACLU Fund of Mich. v. Livingston Cnty.*,
   796 F.3d 636 (6th Cir. 2015) .................................................................................5

*Alexander v. United States*,
   509 U.S. 544 (1993)..........................................................................................8

*Barnes v. Ohio State Dental Board*,
   1998 U.S. App. LEXIS 5081 (6th Cir. 1998) ...........................................................7

*Battersby v. Ohio*,
   S.D. Ohio No. 2:07-cv-1240, 2008 U.S. Dist. LEXIS 71397 ....................................7

*Bd. of Trustees of State Univ. of N.Y. v. Fox*,
   492 U.S. 469 (1989)........................................................................................10

*Capobianco v. Summers*,
   377 F.3d 559 (6th Cir. 2004) ..............................................................11, 12, 14, 15

*Cent. Hudson Gas Elect. v. Public Serv. Comm'n of New York*,
   447 U.S. 557 (1980)...................................................................................2, 8, 10

*Chambers v. Stengel*,
   256 F.3d 397 (6th Cir. 2001) ...............................................................................14

*Chiropractors United for Research & Educ., LLC v. Conway*,
   Case No. 3:15-cv-556, 2015 U.S. Dist. LEXIS 133559 (W.D. Ky Oct. 1,
   2015) ...............................................................................................8, 9, 10, 13

*Columbus-Suburban Coach Lines v. Public Utils. Comm.*,
   254 N.E.2d 8 (Ohio 1969)...................................................................................12

*Disc. Tobacco City & Lottery, Inc. v. United States*,
   674 F.3d 509 (6th Cir. 2012) .................................................................................8

*Doe v. Tennessee*,
   No. 3:18-cv-0471, 2018 U.S. Dist. LEXIS 184091 (M.D.Tenn. Oct. 26, 2018),
   *adopted by, injunction denied by* 2018 U.S. Dist. LEXIS 200496 ...........................5

*Edelman v. Jordan*,
   415 U.S. 651 (1974)...........................................................................................7

*Emps. of Dep't of Pub. Health and Welfare v. Dep't of Pub. Health and Welfare*,
   411 U.S. 279 (1973)...........................................................................................7

**Cases**  Page(s)

*Farnsworth v. Nationstar Mortg., LLC,*
 569 F. App'x 421 (6th Cir. 2014) ....................................................................5

*Fla. Bar v. Went for It,*
 515 U.S. 618 (1995)..............................................................................10, 11

*Florida Dep't of State v. Treasure Salvors, Inc.,*
 458 U.S. 670 (1982) ....................................................................................6

*Ford Motor Co. v. Dep't of Treas. of Indiana,*
 323 U.S. 459 (1945) ....................................................................................7

*Hans v. Louisiana,*
 134 U.S. 1 (1890)........................................................................................7

*Hecht v. Levin,*
 613 N.E.2d 585 (Ohio 1993)........................................................................15

*Henry v. City of Cincinnati,*
 Case No. C-1-03-509, 2005 U.S. Dist. LEXIS 48781 (S.D.Ohio Apr. 28,
 2005) ..........................................................................................................9

*Houchins v. KQED, Inc.,*
 438 U.S. 1 (1978) ......................................................................................16

*Kiser v. Kamdar,*
 831 F.3d 784 (6th Cir. 2016) ......................................................................14

*Los Angeles Police Dep't v. United Reporting Pub. Corp.,*
 528 U.S. 32 (1999)....................................................................................16

*Maryland v. King,*
 133 S.Ct. 1 (2012).....................................................................................17

*Mastronardi Produce, Inc.,*
 No. 15-12331, 2016 U.S. Dist. LEXIS 183371, (E.D.Mich. Feb. 10, 2016)...........5

*Mazurek v. Armstrong,*
 520 U.S. 968 (1997)....................................................................................4

*Missouri v. Fiske,*
 290 U.S. 18 (1933)...................................................................................6, 7

*Nashville, Inc. v. Metro Gov't of Nashville & Davidson Cty.,*
 274 F.3d 377 (6th Cir. 2001) ........................................................................8

**Cases**                                                                    **Page(s)**

*Near v. State of Minn. ex rel. Olson,*
   283 U.S. 697 (1931)...................................................................................................9

*Novak v. City of Parma,*
   932 F.3d 421 (6th Cir. 2019) .................................................................................8

*NPF Franchising v. SY Dawgs, LLC,*
   No. 1:18-cv-277, 2018 U.S. Dist. LEXIS 89409 (N.D.Ohio May 29, 2018) ..........5

*Ohio Citizen Action v. City of Mentor-on-the-Lake,*
   272 F. Supp. 2d 671 (N.D. Ohio 2003).................................................................8

*Ohio Inns, Inc. v. Nye,*
   542 F.2d 673 (6th Cir. 1976) .................................................................................7

*OnX USA LLC v. Sciacchetano,*
   No. 1:11-cv-2523, 2012 U.S. Dist. LEXIS 82333 (N.D.Ohio June 4, 2012) ..........5

*Orange Barrel Media, LLC v. City of Cleveland,*
   No. 1:11-cv-1749, 2011 U.S. Dist. LEXIS 98465 (N.D. Ohio Sept. 1, 2011) .......14

*Papasan v. Allain,*
   478 U.S. 265 (1986)...............................................................................................6

*Pennhurst State School & Hospital v. Halderman,*
   465 U.S. 89 (1981)..............................................................................................6, 7

*Phillips v. DeWine,*
   841 F.3d 405 (6th Cir. 2016) ...............................................................................16

*Seminole Tribe of Florida v. Florida,*
   44 U.S. 54 (1996)...................................................................................................6

*Silverman v. Summers,*
   28 Fed. App'x 370 (6th Cir. 2001) ..................................................................11, 12

*State of Ohio v. Madeline Marie Nursing Home,*
   694 F.2d 449 (6th Cir. 1982) .................................................................................7

*Tri-Cnty. Wholesale Distribs., Inc. v. The Wine Grp., Inc.,*
   No. 2:10-cv-693, 2010 WL 3522973 (S.D. Ohio Sept. 2, 2010)............................17

*Walraven v. N.C. Bd. of Chiropractic Examiners,*
   273 Fed. App'x 220 (4th Cir. 2008) .....................................................................13

**Cases**                                                                                    **Page(s)**

*Wash. Cty. Dep't of Human Servs. v. Rutter*,
    651 N.E.2d 1360 (Ohio Ct. App. 1995) ............................................................15

*Zauderer v. Office of Disc. Counsel of the Supreme Ct.*,
    471 U.S. 626 (1985) ...........................................................................................8

**Statutes**                                                                                 **Page(s)**

Ky. Rev. Stat. Ann. § 367.4082 ...........................................................................9

Ky. Rev. Stat Ann. § 367.4083 ............................................................................9

Ohio Rev. Code § 119.06 ....................................................................................4

Ohio Rev. Code § 149.43 ..................................................................................16

Ohio Rev. Code § 149.43(A)(1) .........................................................................16

Ohio Rev. Code § 149.43(A)(1)(mm) ...........................................................1, 2, 4

Ohio Rev. Code § 1349.05 .............................................................................1, 3

Ohio Rev. Code § 1349.05(A)(3)(e) ...................................................................3

Ohio Rev. Code § 1349.05(D) ............................................................................3

**Other Authorities**                                                                         **Page(s)**

Prof. Cond. Rule 7.3 .........................................................................................15

U.S. Const., First Amendment ..................................................................... *passim*

U.S. Const., Eleventh Amendment ...............................................................1, 6, 7

U.S. Const., Fourteenth Amendment .....................................................2, 4, 14, 16

<u>**MEMORANDUM**</u>

## I.  INTRODUCTION

Ohio Revised Code § 1349.05—the Healthcare Solicitation Statute—was enacted to protect accident victims and witnesses from the overbearing and invasive solicitation practices of certain healthcare practitioners, including, but not limited to, chiropractors and their agents. Specifically, the statute, which takes effect on October 17, 2019, places a 30-day restriction on electronic, in person, and telephonic solicitation by healthcare practitioners and their agents on accident victims and witnesses.  However, they are still able to solicit employment through targeted mailings through the United States postal service.  Further, as part of the bill that enacted § 1349.05, telephone numbers of victims and witnesses were exempted from the definition of a "public record" under Ohio Revised Code § 149.43(A)(1)(mm).

In an attempt to continue soliciting through such practices, Plaintiffs filed a complaint and a motion for a preliminary injunction, challenging the provisions under the First Amendment and Equal Protection.  Because of defects in the original complaint, Plaintiffs filed an amended complaint that dropped state-law claims and changed two of the defendants.  Plaintiffs did not file a renewed preliminary-injunction motion, but rather, a notice attempting to modify their motion.  However, Plaintiffs' Motion for a Preliminary Injunction fails because they cannot show a likelihood of success upon the merits.  First, the motion is moot because it relates to the original Complaint not the amended Complaint.  Second, the Ohio State Chiropractic Board is immune from any liability under the Eleventh Amendment; and therefore, this Court is without jurisdiction to grant relief against the Board.

Moreover, Plaintiffs' claims fail on the merits.  As to Plaintiffs' First Amendment claim, the Healthcare Solicitation Statute is not a prior restraint on Plaintiffs' speech, but rather, a permissible regulation on commercial speech.  In determining whether a commercial-speech

1

regulation is constitutional, courts consider (1) whether the commercial speech concerns lawful activity and is not misleading, (2) the government asserts a substantial interest in support of the regulation, (3) the government demonstrates that the restriction directly and materially advances that interest, and (4) the regulation is not more extensive than is necessary.  *Cent. Hudson Gas Elect. v. Public Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980).  At this time, the only challenged prong is the fourth one, which Ohio satisfies.  The statute is no more extensive than necessary because it places only a temporary, 30-day restriction in which healthcare practitioners and their agents cannot solicit employment from accident victims through electronic, in person, or telephonic means.

As to Plaintiffs' Equal Protection claim, the Healthcare Solicitation Statute does not violate the Fourteenth Amendment.  Because the statute withstands scrutiny under the framework of *Central Hudson*, the same is true under an Equal Protection analysis. Additionally, Plaintiffs have failed to identify any person or entity that is similarly situated but treated differently.  Accordingly, Plaintiffs are unlikely to prevail on this claim.

It is unclear from Plaintiffs' pleadings whether and how they are challenging § 149.43(A)(1)(mm).  Nonetheless, the U.S. Supreme Court has found there is no fundamental right to access to government-held information under either amendment; and therefore, Plaintiffs are not entitled to a preliminary injunction against this provision.

Additionally, none of the remaining preliminary-injunction factors weigh in Plaintiffs' favor.  Plaintiffs have not shown that they have suffered irreparable harm, and an injunction would result in harm to those the statute is intended to protect as well as to all of Ohio's citizens. Moreover, the public interest would not be served with the issuance of an injunction in this case.

Therefore, Plaintiffs have failed to show why a preliminary injunction, which is a drastic remedy, is required in this case.  As such, Defendants request that the Court deny Plaintiffs' Motion.

## II.     BACKGROUND AND FACTS

Ohio Rev. Code § 1349.05 ("the Healthcare Solicitation Statute"), which takes effect on October 17, 2019, protects accident victims from intrusive and overbearing solicitation by healthcare practitioners for thirty days following an accident.  The statute provides, in part, that

> (B) No health care practitioner, with the intent to obtain professional employment for the health care practitioner, shall directly contact in person, by telephone, or by electronic means any party to a motor vehicle accident, any victim of a crime, or any witness to a motor vehicle accident or crime until thirty days after the date of the motor vehicle accident or crime.  Any communication to obtain professional employment shall be sent via the United States postal service.
>
> (C) No person who has been paid or given, or was offered to be paid or given, money or anything of value to solicit employment on behalf of another shall directly contact in person, by telephone, or by electronic means any party to a motor vehicle accident, any victim of a crime, or any witness to a motor vehicle accident or crim until thirty days after the date of the motor vehicle accident or crime.  Any communication to solicit employment on behalf of another shall be sent via the United States postal service.

Ohio Rev. Code § 1349.05.  Chiropractors are included within the definition of "health care practitioner."  *Id.* § 1349.05(A)(3)(e).

The statute further provides that, if the attorney general believes that a violation has occurred, then the attorney general must issue a notice to the alleged violator and conduct a hearing to determine if the person violated the statute.  *Id.* § 1349.05(D).  The attorney general can only impose a fine after a hearing and if the attorney general determines that a violation occurred.  Upon three separate violations, the attorney general must report the practitioner's activity to the respective state board who, in return, must temporarily suspend the practitioner's

license without a hearing. If requested, the board must then provide the practitioner an opportunity to be heard and conduct a hearing pursuant to Ohio Rev. Code § 119.06.

The Ohio General Assembly also enacted Ohio Rev. Code § 149.43(A)(1)(mm), which excludes telephone numbers of accident victims and witnesses listed in law enforcement records or reports from the definition of "public record."

On August 30, 2019, Plaintiffs, First Choice Chiropractic, LLC, James Fonner, D.C., Prestige Chiropractic & Injury, LLC, Rennes Bowers, D.C., Allied Health & Chiropractic, LLC, Ty Dahodwala, D.C., and Schroeder Referral Systems, Inc., filed their Original Complaint. Plaintiffs are chiropractic clinics, chiropractors, and a referral-services company who regularly use telephone numbers obtained from accident reports to solicit accident victims for professional employment. Further, Plaintiffs named the State of Ohio, the Ohio General Assembly, and the Ohio State Chiropractic Board as defendants, and asserted claims under state law and the First and Fourteenth Amendments.

On September 13, 2019, Plaintiffs filed a Motion for Preliminary Injunction seeking to prevent enforcement of the statute. On September 20, 2019, Plaintiffs filed their First Amended Complaint in which they named Ohio Governor Mike DeWine, Ohio Attorney General Dave Yost, and the Ohio State Chiropractic Board as defendants. Additionally, Plaintiffs sought class action certification. Finally, Plaintiffs requested declaratory judgment and injunctive relief based on their claims that the statutes violate their First and Fourteenth Amendments protections of Free Speech and Equal Protection.

## III. LAW AND ARGUMENT

"[A] preliminary injunction is an extraordinary and drastic remedy . . . that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis added). In determining whether to grant such an

extraordinary remedy, courts must consider the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction."  *NPF Franchising v. SY Dawgs, LLC*, No. 1:18-cv-277, 2018 U.S. Dist. LEXIS 89409, at *1-2 (N.D. Ohio May 29, 2018).  The movant bears the burden of showing that a preliminary injunction is necessary.  *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015).  "[T]he proof required is much more stringent than the proof required to survive a summary judgment motion."  *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014) (quotation omitted).  In the context of a constitutional issue, the Sixth Circuit has found that whether the movant has a high likelihood of success on the merits is often dispositive.  *ACLU Fund*, 796 F.3d at 642.  As discussed in greater detail below, Plaintiffs do not meet this high standard; and thus, the Court should deny Plaintiffs' Motion for Preliminary Injunction.

A.     **Plaintiffs are not likely to succeed on the merits.**

1.     **Plaintiffs' motion for preliminary injunction is moot.**

Plaintiffs' motion should either be denied or dismissed as moot because it relates to the Original Complaint.  *See OnX USA LLC v. Sciacchetano*, No. 1:11-cv-2523, 2012 U.S. Dist. LEXIS 82333, at *9 (N.D. Ohio June 4, 2012) (denying, as moot, several motions that were filed in relation to the original complaint); *see also Doe v. Tennessee*, No. 3:18-cv-0471, 2018 U.S. Dist. LEXIS 184091, at *10-11 (M.D. Tenn. Oct. 26, 2018) ("Because the amended complaint now controls . . . the motion for a preliminary injunction must be found moot . . . ."), *adopted by* 2018 U.S. Dist. LEXIS 200496; *Mastronardi Produce, Inc.*, No. 15-12331, 2016 U.S. Dist. LEXIS 183371, at *2 (E.D. Mich. Feb. 10, 2016) (striking plaintiff's previous motion for preliminary injunction as it related to the original complaint).  Plaintiffs filed their Original

Complaint on August 30, 2019.  The Original Complaint named the State of Ohio, General Assembly, and the Ohio State Chiropractic Board as defendants.  They then filed a Motion for Preliminary Injunction on September 13, 2019.  After a telephone conference between all counsel and the Court, Plaintiffs filed an Amended Complaint on September 20, 2019.  In their Amended Complaint, Plaintiffs named the Governor of Ohio, Ohio Attorney General, and the Ohio State Chiropractic Board.  While Plaintiffs filed a notice relating to their motion, Plaintiffs have not filed a new motion for preliminary injunction.  As such, their Motion for Preliminary Injunction fails procedurally.

**2.      The Chiropractic Board is immune from suit, so all claims against the Board fail.**

Plaintiffs amended their Complaint, but the Amended Complaint still names the Ohio State Chiropractic Board ("Board") as a defendant.  Plaintiffs' claims against the Board are barred by the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state.

In defining the scope of the Eleventh Amendment, the Supreme Court has determined that federal jurisdiction over suits against unconsenting states "was not contemplated by the Constitution when establishing the judicial power of the United States."  *Seminole Tribe of Florida v. Florida*, 44 U.S. 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).  The Eleventh Amendment bars all suits against an unconsenting state or "one of its agencies or departments," *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1981), regardless of the nature of relief sought, *Missouri v. Fiske*, 290 U.S. 18, 27 (1933).

The Eleventh Amendment precludes a federal court from entertaining a suit brought by a citizen against his own state.  *Papasan v. Allain*, 478 U.S. 265 (1986); *Fla. Dep't of State v.*

*Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982); *Edelman v. Jordan*, 415 U.S. 651, 662 (1974); *Emps. of Dep't of Pub. Health and Welfare v. Dep't of Pub. Health and Welfare*, 411 U.S. 279, 280 (1973); *Hans*, 134 U.S. 1. This is true regardless of whether the state has waived its sovereign immunity and consented to be sued in state court. *Pennhurst*, 465 U.S. at 100 n.9. In any event, Ohio has not waived its immunity to suits in federal court. *State of Ohio v. Madeline Marie Nursing Home*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976).

This Court has no jurisdiction over claims against the Board because it is well-established that a suit against a state agency is a suit against the state when the state is the real party in interest, *Ford Motor Co. v. Dep't of Treas. of Ind.*, 323 U.S. 459, 464 (1945), or when the decree would operate against the state, *Pennhurst*, 465 U.S. at 101. The Sixth Circuit has held that an action for damages against the Ohio State Dental Board, another Ohio licensing board, is an action against the State of Ohio that is barred by the Eleventh Amendment. *Barnes v. Ohio State Dental Board*, 1998 U.S. App. LEXIS 5081, at *2-3 (6th Cir. 1998). An action against the Chiropractic Board is similarly barred. *See Battersby v. Ohio*, No. 2:07-cv-1240, 2008 U.S. Dist. LEXIS 71397, at *8 (S.D. Ohio July 21, 2008) (holding that the Eleventh Amendment bars claims against Ohio State Chiropractic Board). Actions against the Board— for all types of relief—are barred by the Eleventh Amendment. *See Fiske*, 290 U.S. at 27. This Court therefore has no jurisdiction to enter a preliminary injunction against the Board. Because of the jurisdictional defects in the Complaint and Amended Complaint, there is no likelihood of success of Plaintiffs' claims against the Board. For these reasons, Plaintiffs' motion for a preliminary injunction against the Board must be denied.

3.     **The Healthcare Solicitation Statue does not violate the First Amendment.**

Plaintiffs are not likely to succeed on their claim that the Healthcare Solicitation Statute infringes upon their First Amendment right to freedom of speech.  Specifically, they wrongly claim that the statute constitutes a prior restraint on speech and is otherwise an impermissible restriction on commercial speech.  As explained below, Plaintiffs' arguments lack merit.

a.     **The Healthcare Solicitation Statute is not a prior restraint.**

The Supreme Court has defined prior restraints as "administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur."  *Alexander v. United States*, 509 U.S. 544, 550 (1993) (emphasis added) (quotation omitted).  A prior restraint can also exist "when speech is conditioned upon the prior approval of public officials."  *Déjà vu of Nashville, Inc. v. Metro Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 391 (6th Cir. 2001).   Examples of prior restraints include temporary restraining orders and permanent injunctions, *see Alexander*, 509 U.S. at 550, or licensing and registration requirements as a condition to being allowed to speak, *Ohio Citizen Action v. City of Mentor-on-the-Lake*, 272 F. Supp. 2d 671, 681 (N.D. Ohio 2003).  Generally, prior restraints are considered unconstitutional.  *Novak v. City of Parma*, 932 F.3d 421, 432 (6th Cir. 2019).

However, the Supreme Court has held that the prior restraint doctrine may not apply in the realm of commercial speech.  *Zauderer v. Office of Disc. Counsel of the Supreme Ct.*, 471 U.S. 626, 668 n.13 (1985); *Cent. Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 571 n.13 (1980).  Further, other courts also have refused to apply the prior restraint doctrine to commercial speech.  *See Disc. Tobacco City & Lottery, Inc. v. United States*, 674 F.3d 509, 532-35 (6th Cir. 2012); *Chiropractors United for Research & Educ., LLC v. Conway*, No. 3:15-

cv-556, 2015 U.S. Dist. LEXIS 133559, at *35-36 (W.D. Ky. Oct. 1, 2015) (noting, in a similar situation as here, that traditional prior restrict doctrines do not apply to commercial speech); *Henry v. City of Cincinnati*, No. C-1-03-509, 2005 U.S. Dist. LEXIS 48781, at *16 (S.D. Ohio Apr. 28, 2005) ("The . . . prior restraint doctrine[] [is] generally inapplicable to restrictions on mere commercial speech."). Plaintiffs have shown no reason as to why this issue should be revisited.

Moreover, the statute "constitutes a subsequent punishment rather than prior restraint, as it does not require the advance approval of governmental officials." *Chiropractors United*, 2015 U.S. Dist. LEXIS 133559, at *36. Specifically, the statute provides for subsequent penalties (e.g. a $5,000 fine) for those who engage in a particular form of speech at a particular time (within 30 days after an accident occurs). Ohio Rev. Code § 1349.05(B)-(E). Importantly, the First Amendment "does not prevent the subsequent punishment of [communications] as may be deemed contrary to the public welfare." *Near v. State of Minn. ex rel. Olson*, 283 U.S. 697, 714 (1931) (quotation omitted).

These consequences here are akin to those imposed in *Chiropractors United*. In that case, the Kentucky statutes at issue imposed the following after a healthcare provider was found to be in violation of their solicitation statute: (1) violators were subject to disciplinary process of their respective licensing or regulatory authority; (2) "[a]ny charges owed by, or on behalf of, a person involved in a motor vehicle accident for health services rendered by a healthcare provider to the person" were voided; and (3) "[a]ny charges billed and paid by, or on behalf of, a person of a motor vehicle accident for health services rendered by a healthcare provider to the person" were to be returned to the obligor or payor, and the violating healthcare provider shall not be able to pursue collection from that person. Ky. Rev. Stat. Ann. §§ 367.4082; 367.4083. Likewise,

the Healthcare Solicitation Statute provides for a potential fine and license discipline.  It does not require Plaintiffs "to petition a governmental official or group of government officials for permission to solicit motor vehicle accident victims."  *Chiropractors United*, 2015 U.S. Dist. LEXIS 133559, at *36.  As the Healthcare Solicitation Statute only imposes subsequent consequences for violations, it is a regulation on commercial speech, not a prior restraint.  *Id.*

> **b.**     **The Healthcare Solicitation Statute is a valid regulation on commercial speech.**

Commercial speech is unlike speech at the core of the First Amendment, which is why it is afforded only limited protection.  *Fla. Bar v. Went for It*, 515 U.S. 618, 623 (1995).  As such, commercial speech "is subject to 'modes of regulation that might be impermissible in the realm of noncommercial expression.'"  *Bd. of Trustees of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 477 (1989) (quoting *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456 (1978)).

The Supreme Court has established a four-part test to determine whether a restriction on commercial speech will pass constitutional muster:  (1) whether the commercial speech concerns lawful activity and is not misleading, (2) the government asserts a substantial interest in support of the regulation, (3) the government demonstrates that the restriction directly and materially advances that interest, and (4) the regulation is "not more extensive than is necessary."  *Cent. Hudson*, 447 U.S. at 566.  Importantly, the state need only show that its interest is advanced in a direct and material way by the regulation at issue.  *Went for It*, 515 U.S. at 625.  Additionally, the Supreme Court has held that the fourth prong does not equate to "the least restrictive means."  *Id.* at 632.  Rather, all that is required "is a fit between the legislature's ends and the means chosen to accomplish those ends, a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the

interest served, that employs not necessarily the least restrictive means but . . . a means narrowly tailored to achieve the desired objective." *Id.* (quotations omitted).

In their Motion for Preliminary Injunction, Plaintiffs do not challenge the statute under either the second or third prongs of *Central Hudson*.[1]  *See generally* Pls. Mot. for PI, doc. 3, at 11-13.  Rather, they focus on whether the statute is overly burdensome.  *Id.*  Furthermore, at this stage, the Defendants do not challenge the first prong of the *Central Hudson* test. Accordingly, in accordance with Plaintiffs' arguments, Defendants address only the fourth prong—whether the statute is sufficiently tailored.

With regard to this last prong, it is important to correctly construe the statute at issue. The Healthcare Solicitation Statute is a reasonable restriction, which provides that, for 30 days after an accident happens, neither healthcare practitioners nor their agents may solicit employment through electronic means, in person communication, or by telephone.  Ohio Rev. Code § 1349.05(B)-(C).  During this *limited* time period, healthcare practitioners or their agents may still contact accident victims (and the other named categories of individuals) through the United States postal service.  *Id.* ("Any communication to obtain professional employment shall be sent via the United States postal service.").  Thus, there is not a complete ban on all commercial speech during this brief time period.  Moreover, after the 30-day period is over, healthcare practitioners and their agents may communicate with accident victims through all means of communication, including electronic means, in person communication, and by telephone.  *Id.*

---

[1] Perhaps why Plaintiffs have not challenged either prong is because the Sixth Circuit already has recognized that states have a substantial interest in protecting the privacy of accident victims by preventing overreaching by healthcare practitioners, and that regulations such as Ohio's are "an effective way of addressing the asserted interests."  *Capobianco v. Summers*, 377 F.3d 559, 562-63 (6th Cir. 2004); *Silverman v. Summers*, 28 Fed. App'x 370, 374 (6th Cir. 2001).

Plaintiffs' interpretation of the statute is misguided.  They incorrectly assert that the statute designates the United States mail as the only permissible method to solicit employment at all times, including after the 30-day period.  *See* Am. Compl. ¶ 14.  However, if that were the case, then there would be no need to address a 30-day period for electronic, in person, or telephonic communication.  Reading the statute as Plaintiffs suggest would make the 30-day period essentially meaningless.  Yet, such a reading would violate rules of statutory construction. In Ohio, courts "must assume" that the words in a statute "were inserted therein for a specific purpose," and courts must "give effect to the words used, not to *delete* words used or to insert words not used." *Columbus-Suburban Coach Lines v. Public Utils. Comm.*, 254 N.E.2d 8, 9 (Ohio 1969) (emphasis added).  The sentences used in the statute must be read in context with each other.  And once read in context, it becomes clear that the U.S. mail provision applies only to the 30-day period in which other forms of communication are not permitted.

With the correct statutory construction in mind, the Healthcare Solicitation Statute is similar to other restrictions that have been upheld.  Indeed, multiple courts have upheld reasonable restrictions on chiropractor (and other healthcare provider) commercial speech under *Central Hudson*.  In *Capobianco*, the Tennessee Board of Chiropractic Examiners promulgated a regulation that barred telemarking or telephonic solicitation by chiropractors and their employees or agents to accident or disaster victims within 30 days of the accident or disaster.  377 F.3d at 561.  Capobianco argued that the Tennessee regulation was not narrowly tailored because contacting victims quickly after an accident was important to the effectiveness of chiropractic treatment.  *Id.* at 563.  The Sixth Circuit rejected this argument.  Instead, the Sixth Circuit found that Tennessee had fixed the defects of its prior regulation that was struck down in *Silverman* by including a time limit on the restriction and by removing the possibility of criminal sanctions.

12

*Id.*  The Court stated that the 30-day time limit and a disciplinary sanction "are sufficiently narrow" to satisfy the fourth prong of *Central Hudson*.  *Id.* at 564.

Similarly, the Western District of Kentucky denied a preliminary injunction involving a bill that prevented healthcare providers or their agents from soliciting a person involved in a motor vehicle accident for the provision of reparation benefits for 30 days immediately following the accident.  *Chiropractors United*, 2015 U.S. Dist. LEXIS 133559, at *33.  In upholding the statute, the District Court relied on other cases in which similar 30-day restrictions were upheld and even one case in which a 90-day restriction was upheld.  *Id.* at *31-33.  The Court noted that, based on these cases, "it is clear that the New Solicitation Statute is no more extensive than necessary, particularly in light of the fact that a time period 3 times longer than the 30-day ban . . . has been upheld."  *Id.* at *33.

The Fourth Circuit also has upheld multiple North Carolina statutes and regulations that precluded chiropractors and their agents from "soliciting, either in person or telephonically, prospective patients who may need chiropractic treatment as a result of a motor vehicle accident for a period of 90 days following the accident."  *Walraven v. N.C. Bd. of Chiropractic Exam'rs*, 273 Fed. App'x 220, 223 (4th Cir. 2008).  Of note, the Fourth Circuit found that the statutes were narrowly tailored because they allowed chiropractors and their agents to reach accident victims through advertising, targeted mailings, or even solicit potential clients either in person or via telephone so long as they were not targeting potential clients due to their status as recent car accident victims.  *Id.* at 225.

The Healthcare Solicitation Statute is similar to these cases, as it only contains a temporary restriction on certain modes of commercial speech rather than composing a blanket ban on all commercial speech.  Most notably, the statute has a moratorium period that is 60 days

13

less than the one upheld in *Walraven* and the same length as the other regulations found permissible. Ohio Rev. Code § 1349.05(B)-(C) (proscribing only a 30-day time period). Next, it only restricts electronic, in person, and telephonic solicitation during the time period. *Id.* During the 30-day period, Plaintiffs are free to target accident victims through direct mailings using the United States mail, and nothing in the statute prevents Plaintiffs from advertising their services. *Id.* Although the statute provides for possible monetary fines or suspensions related to violations, the statute does not impose any criminal sanctions for violations. *Id.* § 1349.05(D)-(E). Finally, nothing prevents accidents victims from initiating the conversation with healthcare providers. *See generally id.* § 1349.05.

As the statute satisfies all prongs of the *Central Hudson* test, Plaintiffs are not likely to succeed on the merits of their First Amendment claim, and, as such, their request for a preliminary injunction should be denied.

> **4. The Healthcare Solicitation Statute also does not violate Equal Protection.**

Plaintiffs similarly are unlikely to succeed on their claim that the Healthcare Solicitation Statute infringes on their equal protection rights under the Fourteenth Amendment. Specifically, they argue that the statute infringes upon their fundamental right of free speech; and therefore, the appropriate standard is strict scrutiny. As explained below, Plaintiffs' argument lacks merit.

The Sixth Circuit has held that "[b]ecause regulation of commercial speech is subject to intermediate scrutiny in a First Amendment challenge, it follows that equal protection claims involving commercial speech also are subject to the same level of review." *Chambers v. Stengel*, 256 F.3d 397, 401 (6th Cir. 2001). This principle continues to be applied in the Sixth Circuit. *See Kiser v. Kamdar*, 831 F.3d 784, 792 (6th Cir. 2016); *Capobianco*, 377 F.3d at 564; *Orange Barrel Media, LLC v. City of Cleveland*, No. 1:11-cv-1749, 2011 U.S. Dist. LEXIS 98465, at *9

14

n.2 (N.D. Ohio Sept. 1, 2011). A statute survives intermediate scrutiny if it is "narrowly fashioned to further a significant governmental interest." *Chambers*, 256 F.3d at 401.

As intermediate scrutiny is the correct test, Defendants assert the same arguments as stated above in their analysis of the First Amendment claim. Plaintiffs' other argument related to their equal protection claim is that insurance companies and attorneys are not subject to the same solicitation restriction as healthcare practitioners. But "[t]he Equal Protection Clause does not require that the state treat all persons alike. It requires only that the state treat similarly situated persons alike, and that where the state distinguishes between classifications of persons, the distinction must have some relevance to the purposes for which the classification is made." *Capobianco*, 377 F.3d at 564-65 (quotation omitted).

Chiropractors, as well as other healthcare practitioners, are not similarly situated to insurance companies or attorneys. The three groups all serve different purposes and are regulated by different governing authorities. In the case of insurance companies, the client is already insured at the time of the accident, so there is no need to solicit business. As to attorneys, they already have restrictions in place on their ability to contact accident victims. *See* Prof. Cond. Rule 7.3. Additionally, attorneys are not similarly situated to chiropractors because their conduct is governed by the Ohio Supreme Court, not the General Assembly. As the Ohio Supreme Court has noted

> [Attorneys, chiropractors, veterinarians, real estate brokers, architects, engineers, certified public accountants, public accountants, and registered nurses have] some internal mechanism for policing professional standards. What distinguishes the legal profession from these other professions, however, is the pedigree of that mechanism. No other profession is supervised directly, by constitutional mandate, by the judicial branch of government.

*Hecht v. Levin*, 613 N.E.2d 585, 589 (Ohio 1993); *see also Wash. Cty. Dep't of Human Servs. v. Rutter*, 651 N.E.2d 1360, 1362 (Ohio Ct. App. 1995) ("The Ohio Supreme Court is granted

15

authority over admission to the practice of law, the discipline of person so admitted, and all other matters relating to the practice of law in this state.").  Because attorneys are not similarly situated to chiropractors, the General Assembly can pass regulations that apply different requirements on chiropractors than the Ohio Supreme Court's requirements for attorneys.

For these reasons, Plaintiffs are not likely to succeed on the merits of their Fourteenth Amendment claim, and, as such, their request for a preliminary injunction should be denied.

> **5. The additional exemption to Ohio's public-records law does not violate the First Amendment.**

It is unclear whether Plaintiffs even challenge the addition to Ohio Rev. Code § 149.43(A)(1) that accident victims' phone numbers are not public records.  While their Amended Complaint seeks relief enjoining this provision, none of the claims assert that it violates either the First or Fourteenth Amendments.  *See* Am. Compl. ¶¶ 26-35.  Indeed, § 149.43 is not even mentioned in the Equal Protection section of their complaint.  *Id.* ¶¶ 31-35.  Additionally, Plaintiffs' preliminary-injunction motion does not argue that § 149.43 violates either constitutional provision.  *See* Pl. Mot. for PI at 9-16.  However, to the extent that Plaintiffs do challenge this provision, the claim fails.  Both the U.S. Supreme Court and the Sixth Circuit have made clear that there is no First Amendment right to government-held information.  *See Houchins v. KQED, Inc.*, 438 U.S. 1, 14-15 (1978) ("The Constitution itself is neither a Freedom of Information Act nor an Official Secrets Act," and "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control."); *see also Los Angeles Police Dep't v. United Reporting Pub. Corp.*, 528 U.S. 32, 40 (1999) (regarding a statute restricting access to the address of arrestees and holding that a state "could decide not to give out arrestee information at all without violating the First Amendment"); *Phillips v. DeWine*, 841 F.3d 405, 417-20 (6th Cir.

2016) (holding that, under *Houchins*, the First Amendment did not entitle plaintiffs to access to government-held information relating to executions).  Based on these cases, Plaintiffs have no right to the government-held information on police accident reports; and therefore, they have no constitutional claim against § 149.43.

B. **The remaining preliminary-injunction factors favor denying Plaintiffs' motion.**

In addition to Plaintiffs failing to show a likelihood of success on the merits, a preliminary injunction should also be denied as the other factors do not weigh in favor of imposing such a drastic remedy.

Plaintiffs cannot establish that they would suffer irreparable injury without the issuance of an injunction.  As stated above, Plaintiffs and their agents are still able to solicit accident victims through direct mailing.  Further, nothing prevents Plaintiffs from soliciting other potential clients, as the statute applies only to accident or crime victims.  Furthermore, an injunction would cause substantial harm to those the statute intends to protect—accident and crime victims.  Such situations can be extremely traumatic.  In addition to the potential for physical injury, victims can suffer from emotional or mental distress after an incident.  During those times, victims are often not in the best position to be making decisions regarding their health, as they are often distracted by the memories and outcomes of the accidents.

Additionally, an injunction would subject the State to ongoing irreparable harm.  As various Supreme Court justices have recognized, "[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury."  *Maryland v. King*, 133 S.Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (quoting *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, C.J., in chambers)).  So, too, does the public have an interest in the validity and enforceability of its duly

17

enacted laws.  *Tri-Cnty. Wholesale Distribs., Inc. v. The Wine Grp., Inc.*, No. 2:10-cv-693, 2010 WL 3522973, at *8 (S.D. Ohio Sept. 2, 2010).

Accordingly, as none of the four factors weighs in favor of granting a preliminary injunction, Plaintiffs' Motion should be denied.

## IV.    CONCLUSION

For these reasons, Defendants respectfully ask this Court to deny Plaintiffs' Motion for Preliminary Injunction.


Respectfully submitted,

DAVE YOST
Ohio Attorney General

*s/ Katherine J. Bockbrader*                          *s/ Tiffany L. Carwile*
KATHERINE J. BOCKBRADER (0066472)*    TIFFANY L. CARWILE (0082522)*
 *Counsel of Record                                    Counsel of Record
Assistant Attorney General                            MICHAEL A. WALTON (0092201)
Health and Human Services Section            Assistant Attorneys General
30 East Broad Street, 26th Floor                  Constitutional Offices Section
Columbus, Ohio  43215                               30 East Broad Street, 16th Floor
Tel: 614-466-8600                                         Columbus, OH 43215-3428
Fax: 866-805-6094                                        Tel: 614-466-2872
katherine.bockbrader@ohioattorneygeneral.gov    Fax: 614-728-7592
                                                                    tiffany.carwile@ohioattorneygeneral.gov
*Counsel for Defendant*                              michael.walton@ohioattorneygeneral.gov
*Ohio State Chiropractic Board*

                                                                    *Counsel for Defendants Governor DeWine*
                                                                    *and Attorney General Yost*

## CERTIFICATE OF PAGE LIMITATIONS

In accordance with Loc. R. 7.1(f), I hereby certify that this action is assigned to the standard track and that this filing complies with the Court's page limitations.

_s/ Tiffany L. Carwile_
TIFFANY L. CARWILE (0082522)*
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

_s/ Tiffany L. Carwile_
TIFFANY L. CARWILE (0082522)*
Assistant Attorney General
