IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST CHOICE CHIROPRACTIC, LLC, *et al.*, | ) ) ) | CASE NO. 1:19CV2010 |
| Plaintiffs, | ) ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) | |
| OHIO GOVERNOR MIKE DeWINE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | **MEMORANDUM OPINION AND ORDER** |

**I.**

On August 30, 2019, three chiropractic care and treatment facilities, their owners, and a patient referral service sought injunctive and declaratory relief to stop certain provisions of Ohio's 2020-2021 Biennial Budget Bill[1] from going into effect. Plaintiffs challenged provisions that regulate marketing and solicitation practices by chiropractors in Ohio.

On October 16, 2019, I denied plaintiffs' motion for a preliminary injunction.[2] I based my opinion primarily on the analysis by federal courts, including the Sixth Circuit,

---

[1] Am. Sub. H.B. No. 166, 133rd G.A. (Ohio 2019). *See* https://www.legislature.ohio.gov/legislation/legislation-status?id=GA133-HB-166 for a complete history of the 2020-2021 Biennial Budget Bill.
[2] ECF #22. The parties had consented to my jurisdiction on September 17, 2019.

of similar regulations in other states. Fundamental to that analysis is the Supreme Court's opinion in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*[3] that articulated a four-part intermediate scrutiny test for assessing the constitutionality of state-imposed regulations on commercial speech.

Plaintiffs' appealed my order.[4] Shortly thereafter, the defendants answered the amended complaint.[5] About a month later, the parties filed a joint stipulation informing me of their intention not to submit any further evidence or argumentation, and asking that I proceed to adjudicate the merits of the First Amended Class Action Complaint for Declaratory and Injunctive Relief based upon the present record.[6] I do so with this order. Because I denied the motion for a preliminary injunction and no further evidence is to be provided, law and logic require that I also deny plaintiffs' request for declaratory and injunctive relief.

## II.

Before proceeding to the merits, I need to address two preliminary matters. First, if the plaintiffs have already appealed my order of October 16, 2019 denying the motion for a preliminary injunction, how can I rule on the First Amended Complaint's claims for declaratory and injunctive relief? Asked another way, how can I enter a final judgment in this case if part of the case is already before the Sixth Circuit? I can issue this order because I lost jurisdiction upon appeal of my October 16, 2019 order only over those aspects of the

---

[3] 447 U.S. 557 (1980).
[4] ECF #27.
[5] ECF #28.
[6] ECF #29.

case on appeal.[7] Plaintiffs appealed only my order of October 16, 2019, which dealt solely with their motion for a preliminary injunction.[8] Consequently, I retain jurisdiction over the rest of the case unrelated to plaintiffs' motion for a preliminary injunction.

Second, the parties now want me to adjudicate the merits of the First Amended Complaint's claims for declaratory *and* injunctive relief, but do I then need to be specific as to which type of relief I am adjudicating? No, practically speaking, because the Supreme Court has recognized that the practical effect of injunctive and declaratory relief can be virtually identical.[9] Moreover, in analyzing this case for potential injunctive relief, the law requires me to determine whether Ohio's new Budget Bill violates federal constitutional rights. That's the same question I must answer when determining whether declaratory relief is appropriate. Were I to grant relief, the Supreme Court has suggested that declaratory relief will normally be sufficient to protect a plaintiff's interests, though in some circumstances injunctive relief may be appropriate as well.[10]

### III.

"The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the

---

[7] *See, e.g.*, *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013); *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992). *See also Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 692 (6th Cir. 2018), *cert. denied*, __ U.S. __, 139 S. Ct. 1551 (2019).
[8] ECF #27.
[9] *Wooley v. Maynard*, 430 U.S. 705, 711 (1977).
[10] *Id.* at 711-12.

merits rather than *actual success*."[11] It follows then that "[a] party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer 'continuing irreparable injury' for which there is no adequate remedy at law."[12]

To review, I examined the four factors required by law in denying plaintiffs' motion for a preliminary injunction: whether plaintiffs have established a substantial likelihood or probability of success on the merits of their claims; whether plaintiffs would suffer irreparable injury if a preliminary injunction did not issue; whether the injunction would cause substantial harm to others; and whether the public interest would be served if I were to grant the requested injunction.[13] I was mindful that "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."[14] I was also mindful that "[a] preliminary injunction is an extraordinary remedy never awarded as of right."[15]

---

[11] *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987) (emphasis added) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 392 (1981)). *See also Am. Civil Liberties Union of Kentucky v. McCreary Cty., Ky.*, 607 F.3d 439, 445 (6th Cir. 2010); *Jolivette v. Husted*, 694 F.3d 760, 765–66 (6th Cir. 2012).
[12] *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006) (quoting *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998)).
[13] *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004); *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). *Accord Chiropractors United for Research & Educ., LLC v. Conway*, slip op., No. 3:15-CV-00556-GNS, 2015 WL 5822721, at *1–2 (W.D. Ky. Oct. 1, 2015), *aff'd*, Case No. 15-6103 (6th Cir. July 1, 2016) (unpub. op.) (affirming denial of preliminary injunction on a similar regulation affecting healthcare providers related to solicitation of motor vehicle accident victims).
[14] *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).
[15] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)).

The law requires careful analysis of these factors. "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' "[16] In exercising my discretion, I paid "particular regard for the public consequences in employing the extraordinary remedy of injunction."[17]

"When a party seeks a preliminary injunction on the basis of the potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor."[18] Exhaustive analysis demonstrated that it was so in this case. I concluded that under the intermediate scrutiny test, plaintiffs failed to show a substantial likelihood or probability of winning their First Amendment claim on the merits. I also concluded that plaintiffs failed to show a substantial likelihood or probability of winning their Fourteenth Amendment equal protection claim on the merits.

I analyzed the other three prongs of the preliminary injunction test as well. I concluded that plaintiffs on balance failed to carry their burden on all four prongs of the preliminary injunction test. As an example, plaintiffs warned that their referral service would "effectively and immediately shut down," and employee layoffs, bankruptcy, and the loss of business and future referrals would result absent an injunction.[19] If the chiropractic profession had in fact suffered this irreparable injury as forecasted, plaintiffs

---

[16] *Winter*, *id*. (quoting *Amoco Prod. Co., supra,* 480 U.S. at 542).
[17] *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).
[18] *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). *Accord Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012); *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009).
[19] ECF #3-1, at 2; ECF #3-2; at 2; ECF #3-3, at 2; ECF #3-4, at 2.

5

would have made sure I saw this parade of horribles that befell them. Yet they produced nothing of the sort over the two and a half months since the order denying the preliminary injunction.

The record evidence fell short of the standard for a preliminary injunction. Permanent injunctive relief carries an even higher standard. On the evidence before me, plaintiffs failed to show a likelihood of success on the merits of their claims. Logic and the law would then dictate that plaintiffs cannot meet the heavier burden of showing actual success on the merits with the same evidence. With no additional evidence to support their case and in light of the law outlined above, plaintiffs have failed to meet their burden of showing they are entitled to declaratory or injunctive relief in this case.

**IV.**

For the reasons set forth above, I hold that plaintiffs have failed to show that Ohio's new Budget Bill violates their constitutional rights under either the First Amendment or the Fourteen Amendment. Accordingly, I deny their claims for declaratory and injunctive relief.

IT IS SO ORDERED.

Dated: January 3, 2020  s/ William H. Baughman, Jr.
United States Magistrate Judge